SEYFARTH SHAW LLP
Ritika Singh (SBN 329197)
risingh@seyfarth.com
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone:  (469) 608-6763

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREDRAG DIMITRI DIMITROV THOMPSON, | Case No. 4:26-CV-00834-KAW |
| Plaintiff, | **FURTHER JOINT CASE MANAGEMENT STATEMENT** |
| v. | Further Case Management Conference: |
| EQUIFAX INFORMATION SERVICES LLC, | Date:  Tuesday, June 2, 2026 |
| Defendant. | Time:  01:30 p.m. |
| | Via Zoom before the Honorable Kandis A. Westmore |

The parties to the above-entitled action jointly submit this Further Joint Case Management Statement pursuant to the Standing Order for the Honorable Kandis A. Westmore of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction and Service:**

**Plaintiff:**  Plaintiff agrees that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this District because the events giving rise to the claims occurred here and Plaintiff suffered harm in this District

FURTHER JOINT CASE MANAGEMENT STATEMENT

326136412v.1
326136412v.1

**Equifax:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the FCRA, a federal law. *See* 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2. **Facts:**

**Plaintiff:**

This action arises from Defendant's credit reporting and reinvestigation practices under the Fair Credit Reporting Act.

The principal factual issues include:

- Whether Defendant failed to provide Plaintiff with a complete consumer file despite multiple written requests, in violation of 15 U.S.C. § 1681g(a);

- Whether Defendant provided incomplete "consumer file" disclosures in response to multiple written requests, including disclosures dated December 2025 and April 6, 2026, that omitted underlying data fields, reinvestigation records, and system-level information;

- Whether Defendant accurately reported Plaintiff's credit information, including public records and tradelines;

- Whether Defendant properly handled and investigated disputes submitted by Plaintiff, including those supported by documentation;

- Whether Defendant deleted and later reinserted the AES tradeline without providing the notice required under 15 U.S.C. § 1681i(a)(5)(B);

- Whether Defendant reinserted previously deleted information without required notice after prior deletion and during a period in which Plaintiff was actively seeking credit;

2

326136412v.1
326136412v.1

- Whether Defendant reported materially inconsistent information across consumer disclosures and across consumer reporting agencies, including conflicting payment histories, account status, and bankruptcy indicators;

- Whether Defendant reported inconsistent tradeline information under varying creditor names and formats (including Self/Lead and related tradelines), resulting in conflicting payment histories and account identification;

- Whether Defendant reported the Lendmark account inconsistently with information indicating the account had been sold or transferred to Jefferson Capital;

- Whether Defendant reported bankruptcy public records inconsistently despite court dismissal records and vendor-source discrepancies;

- Whether Defendant relied on third-party vendors, furnishers, or automated systems in a manner that resulted in incomplete, inconsistent, or inaccurate reporting without independent verification;

- Whether Defendant's conduct caused harm to Plaintiff, including denial of mortgage or other credit, adverse lending decisions, and diminished creditworthiness.

**Equifax:**    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in

326136412v.1

this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

3. **Legal Issues:**

<u>Plaintiff:</u>  The principal legal issues include:

1. Whether Defendant followed reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b);

2. Whether Defendant conducted a reasonable reinvestigation of disputed information under 15 U.S.C. § 1681i(a);

3. Whether Defendant complied with its obligation to disclose a complete consumer file under 15 U.S.C. § 1681g(a);

4. Whether Defendant complied with notice requirements regarding reinsertion of previously deleted information under 15 U.S.C. § 1681i(a)(5)(B);

5. Whether Defendant's reporting practices resulted in materially misleading, incomplete, or internally inconsistent information in violation of the FCRA;

6. Whether Defendant's reliance on automated systems and third-party data sources without adequate verification constitutes unreasonable procedures under the FCRA.

<u>Equifax:</u>  Equifax believes that the key legal issues with respect to Equifax are (1) whether Plaintiff can meet Plaintiff's burden to prove that any reinvestigation conducted by Equifax violated the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for negligent noncompliance with the FCRA, (3) whether Plaintiff can meet their burden of proving a claim against Equifax for willful noncompliance with the FCRA, (4) whether Plaintiff can meet their burden of proving that Plaintiff suffered any damages proximately caused by any action or inaction of Equifax, (5) whether Plaintiff is entitled to any

4

damages (actual, punitive, statutory, costs, and/or fees) from Defendant pursuant to the FCRA, (6) whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff, and (7) whether Plaintiff failed to mitigate those damages.

4. **Motions:**

**Plaintiff:** Plaintiff's Administrative Motion for Leave to File Limited Supplemental Amendment Regarding Bankruptcy-Related Tradelines (Dkt. 26, filed May 22, 2026) is currently pending before the Court, with Defendant's response due May 26, 2026. Plaintiff anticipates that additional dispositive motions may be filed following initial discovery.

**Equifax:**   There are no pending motions.  Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

5. **Amendment of Pleadings:**

**Plaintiff:**  Plaintiff does not anticipate further amendment of the pleadings at this time, but reserves the right to amend if necessary based on information obtained in discovery, consistent with Fed. R. Civ. P. 15.

**Equifax:**  Equifax does not anticipate amending its pleadings, but reserves the right to do so.

6. **Evidence Preservation:**

**Plaintiff:**  Plaintiff agrees that relevant electronically stored information should be preserved. For system-generated records, including reinvestigation records, ACDV communications, e-OSCAR data, internal database records, and audit logs, production must be in a reasonably usable electronic format that preserves native data fields, timestamps, system identifiers, and change histories.

5

**Equifax:** Based on the nature of this case, Equifax believes that producing ESI in a reasonably usable format (e.g., .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

7. **Disclosures:**.

**Plaintiff:** Plaintiff will comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a) within the time set by the Court.

**Equifax:** Equifax will serve its Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on or before May 18, 2026.

8. **Discovery:**

**Plaintiff:**

Phase 1 (Initial Discovery – 60–90 days):

- Plaintiff's complete credit file and full reporting history;

- Defendant's reinvestigation records relating to Plaintiff's disputes;

- ACDV (Automated Consumer Dispute Verification) records, e-OSCAR communications, and all related reinvestigation audit logs;

- Communications with furnishers and third-party vendors concerning Plaintiff's disputed information;\

- Records relating to deletion and reinsertion of disputed tradelines, including AES;

- Internal audit trails, reinsertion logs, and system change histories relating to Plaintiff's file;

- Records concerning reporting and ownership information for accounts identified as sold or transferred, including Lendmark/Jefferson;

- Records reflecting Defendant's handling of Plaintiff's dispute submissions;

- Internal policies, procedures, and training materials governing dispute handling, reinvestigation, and credit file disclosures.

6

326136412v.1
326136412v.1

Following initial production, the parties can evaluate whether additional discovery is necessary.

Plaintiff objects to Defendant's proposed numerical limitations on discovery as premature and not proportional to the needs of the case, particularly given the complexity of Defendant's internal systems, reinvestigation processes, and third-party data sources. Plaintiff reserves the right to seek additional discovery as necessary.

**Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Limitations on Requests for Production. Maximum of 30 requests for production by each party to any other party.

7

326136412v.1
326136412v.1

Limitations on Requests for Admission. Maximum of 30 requests for admission by each party to any other party.

9.  **Class Actions:**

This is not a class action.

10. **Related Cases:**

There are no related cases or proceedings pending before another judge of this Court, or before another Court or administrative body.

Plaintiff's Position: Plaintiff is plaintiff in four related FCRA cases currently pending in this District: (1) Dimitrov Thompson v. LexisNexis Risk Solutions Inc., Case No. 3:26-cv-00394-JD; (2) Dimitrov Thompson v. Trans Union LLC, Case No. 3:26-cv-00718-VC; (3) Thompson v. Experian Information Solutions, Inc., Case No. 3:26-cv-01015-TLT; and (4) Thompson v. American Education Services (AES), Case No. 4:26-cv-02725-ASK. These cases involve overlapping facts arising from the same false bankruptcy reporting events.

11. **Relief:**

**Plaintiff:** Plaintiff seeks actual damages arising from denial of credit, including mortgage denial, as well as statutory and punitive damages as provided under the Fair Credit Reporting Act, including damages resulting from adverse credit decisions, loss of lending opportunities, diminished creditworthiness, harm to credit reputation, and loss of credit expectancy.

**Equifax:**   Equifax denies Plaintiff's damages and is not claiming any damages at this time but reserves the right to do so.

12. **Settlement and ADR:**

**Plaintiff:** Plaintiff is willing to participate in private mediation or a court-sponsored settlement conference at an appropriate stage of the proceedings.

8

326136412v.1
326136412v.1

Plaintiff believes that meaningful settlement discussions would be most productive after the exchange of initial disclosures and limited discovery, which will allow the parties to adequately evaluate the claims and defenses.

**Equifax:** Plaintiff has provided an initial settlement demand to Equifax. Equifax is currently evaluating Plaintiff's claims and anticipates engaging in settlement negotiations with Plaintiff soon.

13. **Other References:** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues:** Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

The Parties have not agreed on any stipulated summaries of fact or narrowing of issues.

15. **Scheduling:** Plaintiff proposes that initial discovery be completed within 60 days of the June 2, 2026 Further Case Management Conference (by approximately August 1, 2026), after which the parties can evaluate whether additional targeted discovery is necessary.

Equifax proposes the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| DEADLINE | PROPOSED DATE |
| --- | --- |
| Fact Discovery: | January 4, 2027 |

326136412v.1
326136412v.1

| | |
|---|---|
| Initial Expert Disclosures: | January 19, 2026 |
| Rebuttal Expert Reports: | February 18, 2027 |
| Initial ADR Session: | October 31, 2026 |
| Filing of Dispositive Motions: | April 5, 2027 |
| Pretrial Conference: | July 23, 2027 |
| Trial: | August 23, 2027 |

16. **Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

**Plaintiff:**  Plaintiff requests a jury trial and anticipates a trial length of approximately 2–4 days.

**Equifax:**  Plaintiff has requested a jury trial. Equifax anticipates a 2-4 day trial.

17. **Disclosure of Non-party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

**Plaintiff:**  Plaintiff is not aware of any non-party interested entities or persons required to be disclosed under Civil Local Rule 3-15.

10

**Equifax:**  Equifax filed its Certificate of Interested Entities or Parties on March 3, 2026, identifying Equifax Inc. as its Corporate Parent.

18. **Professional Conduct:** Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

The undersigned counsel for Equifax has reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

DATED: May 26, 2026                                    Respectfully submitted,

 PRO SE                                                      SEYFARTH SHAW LLP


By: */s/ Predrag Dimitri Dimitrov Thompson*      By: */s/ Ritika Singh*
Predrag Dimitri Dimitrov Thompson                          Ritika Singh
491 Staten Avenue                                  *Counsel for Defendant*
Apartment 14                                *Equifax Information Services LLC*
Oakland, CA  94610

*Pro Se Plaintiff*

11

326136412v.1
326136412v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I presented the foregoing FURTHER JOINT CASE MANAGEMENT STATEMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *Pro Se* Plaintiff

    /s/ Ritika Singh
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326136412v.1
326136412v.1