Predrag Dimitri Dimitrov Thompson

491 Staten Avenue, #14
Oakland, CA 94610
Tel: (510) 325-2952
Email: dimitrifromlondon@hotmail.com
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

---

**PREDRAG DIMITRI DIMITROV THOMPSON,**    Case No.: 4:26-cv-00834-KAW
    Plaintiff,

vs.    Judge: Hon. Kandis A. Westmore

**EQUIFAX INFORMATION SERVICES LLC,**    CMC: June 2, 2026 at 1:30 PM (Zoom)
    Defendant.

---

### PLAINTIFF'S FURTHER CASE MANAGEMENT CONFERENCE STATEMENT

June 2, 2026

**FILING NOTE:** Plaintiff provided her CMC portion to defense counsel on May 25, 2026 and requested a joint statement. Defendant's Senior Counsel Jennifer R. Brooks responded within one hour with a single sentence stating the reporting is accurate. No joint statement was prepared by Defendant. Plaintiff therefore files this statement unilaterally pursuant to **Standing Order ¶ 17**. Exhibits 1 through 6, attached hereto, are screenshots and documentary evidence described below.

## I. INTRODUCTION

Plaintiff Predrag Dimitri Dimitrov Thompson, appearing pro se, respectfully submits this Further Case Management Conference Statement addressing: (1) the factual record established by Equifax's own produced documents and live portal screenshots; (2) Equifax's complete failure to provide substantive discovery responses across three served sets; (3) Plaintiff's Phase One discovery proposal; and (4) Plaintiff's pending Administrative Motion (Dkt. 26) to which Equifax filed no opposition.

## II. WHAT EVERY LENDER SEES — EVIDENCE FROM PLAINTIFF'S LIVE PORTAL

### A. The Portal Definition — Continuously Displayed Since at Least October 17, 2025

Exhibit 3 is a screenshot taken from Plaintiff's myEquifax portal on October 17, 2025 — six weeks before the December 2, 2025 Patelco Credit Union mortgage pull — showing the following definition displayed verbatim in the Public Records section:

**"Bankruptcies are a legal status granted by a federal court that indicates you are unable to pay off outstanding debt."**

Exhibits 1 and 2 are screenshots from Plaintiff's myEquifax portal on May 25, 2026 showing the identical definition displayed today — seven months later, during active litigation with counsel appearing.

This portal definition has been continuously displayed to every lender who pulls Plaintiff's Equifax report throughout the entire relevant period — including on December 2, 2025, when Patelco Credit Union pulled Plaintiff's report and this definition was applied to Plaintiff's three active bankruptcy entries. No federal court ever granted Plaintiff the legal status described in this definition. The U.S. Bankruptcy Court issued a written order on July 10, 2025 expressly finding that all four petitions never proceeded to any substantive stage before dismissal. Patelco denied Plaintiff's mortgage twenty days after pulling this report, checking 'Bankruptcy' as a principal denial reason. (Exhibit O-1.) The causal chain is direct and documented.

### B. Blank Status Fields — Open, Unresolved Bankruptcies Presented to Every Lender

Exhibit 2 shows the expanded view of the March 25, 2025 bankruptcy entry as of May 25, 2026:

- Date: Mar 25, 2025
- Reference Number: 2540511
- **Status:** BLANK — completely empty field
- Court: US BANKRUPTCY COURT — OAKLAND
- Internal Code: 161VF00124

The Status field is blank. No disposition is shown. No dismissal date appears. Every lender who accesses this entry sees a bankruptcy filing with no recorded outcome — which in mortgage underwriting is treated as open and unresolved. This is more adverse than even a completed Chapter 7 discharge.

Equifax possesses the disposition data. Its own April 24, 2026 credit report (Confirmation No. 6114504437) displays 'Dismissed/Closed CH-7' and the current disposition date for each

entry. Equifax is selectively withholding that dispositive information from the consumer-facing portal while retaining the derogatory entries with blank Status fields. This selective omission is an independent inaccuracy under 15 U.S.C. § 1681e(b), separate from the false coding claim, and it persists as of the date of this CMC.

### C. The 161VF00124 Shared Internal Code — Structural Evidence

Exhibit 2 confirms internal code 161VF00124 attached to the March 25, 2025 entry. This same code appears identically on all three remaining bankruptcy entries — three separate federal court cases with separate case numbers, separate judges, and separate dismissal orders, all collapsed into one internal reference.

This structural fact explains the four-to-three discrepancy. When LexisNexis notified Equifax on December 9, 2025 to remove all four bankruptcy records, Equifax's reinvestigation system could not process four individual case-by-case removal instructions — it treated all entries under 161VF00124 as one record. The system removed one entry but could not distinguish the remaining three as separate cases requiring individual removal. This is documented in Equifax's own produced ACDV records at Bates No. EIS-THOMPSON-002342 and is a systemic accuracy failure under 15 U.S.C. § 1681e(b).

## III. THE BONICA MASSEY RECORD — ACTUAL NOTICE IN EQUIFAX'S OWN DATABASE

Exhibit 4 is a photograph of Equifax's produced internal consumer file at Bates No. EIS-THOMPSON-002401, showing raw JSON data from Equifax's internal system. It contains the following fields:

- **Email:** BONICA.MASSEY@LEXISNEXISRISK.COM — a named LexisNexis employee

- **For companyId 2540725:** resellerStatement: 'DATA HAS BEEN REMOVED FROM LEXIS NEXIS REPORT, CONSUMER DID NOT RECEIVE BENEFITS OF BANKRUPTCY FILING'

- **For companyId 2540511:** resellerStatement: 'DATA HAS BEEN REMOVED FROM LEXIS NEXIS REPORT, CONSUMER DID NOT RECEIVE BENEFITS OF BANKRUPTCY FILING'

- **For companyId 2540375:** resellerStatement: 'DATA HAS BEEN REMOVED FROM LEXIS NEXIS REPORT, CONSUMER DID NOT RECEIVE BENEFITS OF BANKRUPTCY FILING'

- **Fourth entry — companyId 'ACCOUNTS':** resellerStatement lists every tradeline at issue in this litigation: 'STUDENT LOAN TRADELINES (AES/UHEAA/DEP OF EDUCATION), ONEMAIN FINANCIAL, LENDMARK FINANCIAL, PLAZA/NETCREDIT/ENOVA, RESURGENT/CREDIT ONE/LVNV'

This single internal record establishes three critical facts simultaneously: (1) a named LexisNexis employee transmitted written notice to Equifax's own system that the data was removed and the consumer received no bankruptcy benefit; (2) Equifax's system recorded this notice at a specific Bates number; and (3) Equifax's own system identified every account now at issue in this litigation as accounts in dispute — AES/ELFI student loan, OneMain Financial, Lendmark Financial, and Resurgent/Credit One/LVNV — in the same internal record.

Equifax had actual notice, documented in its own database, of every account in this case and the fact that the consumer received no bankruptcy benefit. Continuing to report inaccurate information after this actual notice constitutes willfulness under Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007).

## IV. THE CLOSED PO BOX — TWO CONFIRMED PO BOX NUMBERS, BOTH IMPLICATED

Equifax's December 29, 2025 verification of Plaintiff's three remaining bankruptcy entries was purportedly conducted through LexisNexis. The PO Box evidence now before the Court involves two separate box numbers, both relevant:

### PO Box 105108 — Confirmed Closed by USPS on December 13, 2025

Plaintiff sent Priority Mail Express on November 26, 2025 addressed to LexisNexis Consumer Center, Attn: Legal Department, P.O. Box 105108, Atlanta, GA 30348-5108 (tracking number ER 225 875 725 US). The envelope was returned on December 11, 2025, stamped: 'BOX CLOSED — UNABLE TO FORWARD — RETURN TO SENDER.' (Exhibit 5 — returned envelope photograph.)

On December 13, 2025, Ms. LaSharia Chambers of U.S. Postal Service Atlanta (LaSharia.J.Chambers@usps.gov, 404-765-7308) confirmed in writing, identifying the address specifically as 'LexisNexis Consumer Center, Attn: Legal Department, P.O. Box 105108, Atlanta, GA 30348-5108': 'We apologize to inform you but this box is currently closed. Please reach out to LexisNexis to receive a more current and up to date mailing address.' (Exhibit 6.)

On December 11, 2025, Ms. Chambers also confirmed in a separate email: 'Our records confirm that PO Box for Lexis Nexis has been officially closed. Effective immediately, no further mail will be delivered to this PO Box.' (Exhibit 5-A.)

### PO Box 105615 — The Address Equifax's Own Portal Displays to Consumers

Exhibits 1, 2, and 3 — Plaintiff's myEquifax portal screenshots from October 17, 2025 and May 25, 2026 — show that the Public Records section of Equifax's consumer-facing portal directs consumers to contact LexisNexis at P.O. Box 105615, Atlanta, GA 30348-5108.

The Discrepancy and Its Significance

Equifax directed consumers to send public record disputes to PO Box 105615. Equifax apparently used PO Box 105108 for its own internal verification communications. PO Box 105108 was closed. Either: (a) Equifax sent its December 29, 2025 verification request to the closed box and received no valid response; or (b) Equifax conducted no meaningful verification at all. Either scenario fails the reasonable reinvestigation standard of 15 U.S.C. § 1681i(a). Plaintiff requests that Equifax confirm in discovery which PO Box number was used for the December 29, 2025 verification and produce all records of that verification.

## V. THE FACTUAL RECORD FROM EQUIFAX'S PRODUCED DOCUMENTS

### A. The Four Dismissed Petitions — July 10 Order

- Case No. 25-40375: Filed March 3, 2025. Dismissed March 18, 2025 (Judge Novack). No accounts attached.

- Case No. 25-40511: Filed March 25, 2025. Dismissed April 10, 2025 (Judge Novack). No accounts attached.

- Case No. 25-40725: Filed April 28, 2025. Dismissed May 22, 2025 (Judge Lafferty). No accounts attached.

- Case No. 25-40998: Filed June 6, 2025. Dismissed July 16, 2025 (Judge Novack). No accounts attached.

On July 10, 2025, Judge Novack issued a written order in Case 25-40998 expressly finding all four cases 'never proceeded to any substantive stage' before dismissal. (Exhibit E.)

### B. False Bankruptcy Coding on Three Accounts

- **Lendmark Financial Services (EIS-THOMPSON-001789):** Account Status [Z] ACCOUNT INCLUDED IN BANKRUPTCY - CHAPTER 7. Lendmark responded 'Verified As Reported' on approximately August 28, 2025 despite the dispute being flagged [020] CLAIMS TRUE IDENTITY FRAUD. Equifax's own automated myEquifax alert of November 23, 2025 confirms the account carried 'Included in Bankruptcy' prior status on that date — months after all four petitions were dismissed and after LexisNexis's Bonica Massey transmitted actual notice of removal.

- **Capital One ...155773 (EIS-THOMPSON-001747):** Narrative Codes [220] BANKRUPTCY CHAPTER 7 and [279] BANKRUPTCY PETITION. Account Status [Z] and [B] CHARGE-OFF. Compliance Condition Code [XH]· (in dispute). Capital One verified as reported approximately May 19, 2025.

- **Capital One ...296729 (EIS-THOMPSON-001918):** Narrative Codes [220] BANKRUPTCY CHAPTER 7, [279] BANKRUPTCY PETITION, and [280] BANKRUPTCY DISCHARGED. Account Status [Z] and [B]. Response Code box

UNCHECKED — Capital One did not verify the data — yet the inaccurate coding remained. Code [280] — Bankruptcy Discharged — is factually false. No discharge was ever entered.

### C. AES/ELFI Student Loan — Wrongful Reinsertion Without Notice — Admitted Statutory Violation

Plaintiff's oldest tradeline — AES/ELFI student loan opened 2003, representing 23 years of credit history — was deleted from all three bureaus simultaneously in September 2025, five days after Plaintiff's CFPB complaint. Experian did not reinsert. TransUnion did not reinsert. Equifax reinserted on January 10, 2026 without written certification of accuracy or written notice to Plaintiff — both required by 15 U.S.C. § 1681i(a)(5)(B). Defense counsel Ritika Singh confirmed in writing on May 5, 2026: 'There are no responsive documents' for reinsertion documentation. This is a per se statutory violation admitted on the record.

Impact: deletion caused reported credit history to collapse from 19 years 9 months to 9 years 2 months. 'LENGTH OF TIME ACCOUNTS HAVE BEEN ESTABLISHED' was one of four adverse factors on the December 22, 2025 mortgage denial.

### D. The Mortgage Denial and Ongoing Consequential Housing Damages

December 2, 2025: Patelco Credit Union pulled Plaintiff's Equifax report. Score: 619. December 22, 2025: Patelco denied mortgage application (Loan No. 6168169491), checking 'Bankruptcy' as a principal denial reason. (Exhibit O-1.) As a direct and proximate result, Plaintiff has been required to continue paying rent in the Northern California market from December 22, 2025 through the present.

As of May 25, 2026: Equifax 528 (Poor); TransUnion 631 (Fair); Experian 678 (Good). The 150-point Equifax-to-Experian disparity with the same underlying account history is direct evidence that Equifax's false bankruptcy coding is the specific cause of the suppression.

## VI. THREE COMPLETE SETS OF DISCOVERY — ZERO SUBSTANTIVE ANSWERS

Sets 1, 2, and 3 have been served and responded to. The pattern is total and consistent: every interrogatory referred to a 2,514-page undifferentiated document dump without Bates identification by question (violating FRCP Rule 33(d)); every RFP objected to without confirmation of diligent search (violating Standing Order ¶ 15); every RFA met with implausible claims of insufficient information about Equifax's own internal data.

Equifax's Senior Counsel Jennifer R. Brooks responded to Plaintiff's detailed May 25, 2026 meet and confer letter — within one hour — with a single sentence: 'It appears you agree that you filed the bankruptcy petitions, and that they were then dismissed. Therefore, the reporting is accurate.' This response does not address Code [280] Bankruptcy Discharged; the

blank Status fields (Exhibit 2); the portal definition (Exhibits 1 and 3); the Bonica Massey actual-notice record (Exhibit 4); the AES/ELFI reinsertion without notice; or the closed PO Box verification (Exhibits 5 and 6).

Equifax's core contradiction: the case is simple and the reporting is accurate — but nine months of fact discovery is needed to defend that position. If the case is as simple as stated, 30 days is sufficient for three categories of digital records for four accounts.

## VII. PHASE ONE NARROW DISCOVERY PROPOSAL

Four accounts. Two years. Three categories. 30 days.

- Four accounts: the four dismissed petitions; OneMain Financial; Lendmark/Jefferson Capital; Capital One
- AES/ELFI carve-out: targeted records explaining 2020 internal deletion (EIS-THOMPSON-000165) and the 2025-2026 deletion/reinsertion cycle; limited to three document categories below
- Primary time window: January 2024 through January 2026
- Category 1: All reinvestigation records for the four accounts — ACDVs sent and received, dispute logs, internal notes, decision records
- Category 2: Complete ownership and transfer history with all furnisher communications
- Category 3: Complete account update history — all Metro 2 field-level changes with timestamps
- Completion: 30 days from court order

## VIII. OUTSTANDING MOTION — DOCKET 26

Plaintiff's Administrative Motion (Dkt. 26, filed May 22, 2026) seeks to add Capital One and OneMain Financial to the pleading. Both accounts received false 'Included in Bankruptcy' notations after the original complaint was filed. Equifax's opposition deadline was May 26, 2026. No opposition was filed. Under Standing Order ¶ 22, failure to file a memorandum of points and authorities in opposition constitutes consent to granting the motion.

## IX. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Order Equifax to provide complete substantive amended responses to all deficient items in Sets 1, 2, and 3 by June 5, 2026, including: narrative answers to all interrogatories with

specific Bates identification per FRCP Rule 33(d); written confirmation of diligent search per Standing Order ¶ 15; and proper admissions or denials for all RFAs;

2. Adopt Plaintiff's Phase One discovery plan: four accounts; two-year primary window plus AES/ELFI carve-out; three categories; 30 days from court order;

3. Order Equifax to propose a protective order immediately so that withheld internal policies and Metro 2 procedures can be produced without further delay;

4. Grant Plaintiff's Administrative Motion (Dkt. 26) based on Equifax's failure to oppose by May 26, 2026 under Standing Order ¶ 22;

5. Order Equifax to either populate the blank Status fields on all three remaining bankruptcy public record entries to accurately reflect dismissal without discharge, or remove the entries entirely — as Equifax's own internal records show no valid source for their continued reporting after LexisNexis removed all four entries on December 9, 2025; and

6. Grant such further relief as the Court deems just and proper.


## EXHIBIT LIST

Exhibit 1: Screenshot — myEquifax portal, May 25, 2026 — three collapsed bankruptcy entries with portal definition displayed

Exhibit 2: Screenshot — myEquifax portal, May 25, 2026 — expanded March 25, 2025 entry showing blank Status field and code 161VF00124

Exhibit 3: Screenshot — myEquifax portal, October 17, 2025 — same portal definition displayed six weeks before December 2, 2025 Patelco pull; PO Box 105615 shown

Exhibit 4: Photograph — Bates No. EIS-THOMPSON-002401 — Equifax's internal JSON record showing Bonica Massey email, three resellerStatement 'no benefit' entries, and fourth entry listing all tradelines at issue

Exhibit 5: Photograph — Returned Priority Mail Express envelope, tracking ER 225 875 725 US, mailed November 26, 2025, returned December 11, 2025, stamped 'BOX CLOSED — UNABLE TO FORWARD — RETURN TO SENDER'

Exhibit 5-A: Email — Ms. LaSharia Chambers, USPS Atlanta, December 11, 2025 — 'Our records confirm that PO Box for Lexis Nexis has been officially closed'

Exhibit 6: Email — Ms. LaSharia Chambers, USPS Atlanta, December 13, 2025 — identifying P.O. Box 105108, Atlanta GA 30348-5108 as 'currently closed'

(Additional lettered exhibits A through P are on file with the Court in connection with Plaintiff's Notice of Outstanding Discovery Disputes, filed May 27, 2026.)

Respectfully submitted,

DATE: 05/29/2026

Predrag Dimitri Dimitrov Thompson

Plaintiff Pro Se

491 Staten Avenue, Apt. 14

Oakland, CA 94610

(510) 325-2952

dimitrifromlondon@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I filed the foregoing Further Case Management Conference Statement via the Court's ECF system, which will electronically serve all counsel of record.

Predrag Dimitri Dimitrov Thompson, Plaintiff Pro Se